# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **I.M.**

**No. 16-0175** (Wood County 14-JA-77)

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.M., by counsel Wells H. Dillon, appeals the Circuit Court of Wood County's January 21, 2016, order terminating his parental rights to two-year-old I.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ernest M. Douglas, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying his request for an extension of his post-dispositional improvement period; and (2) terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner and the mother engaged in chronic domestic violence in I.M.'s presence. In October of 2014, the circuit court held an adjudicatory hearing wherein petitioner stipulated to engaging in domestic violence in I.M.'s presence. Based on the stipulation, the circuit court adjudicated petitioner as an abusing parent. Thereafter, petitioner moved the circuit court for a post-adjudicatory improvement period and agreed to address issues of parenting, domestic violence, anger management, safe shelter, and providing for I.M.'s medical care. The circuit court granted petitioner's motion and accepted the terms and conditions of the improvement period as agreed upon by petitioner and the multidisciplinary team. Petitioner's improvement period continued through April 29, 2015. During this period, petitioner attended services and visits with I.M. At the end of the post-adjudicatory improvement period, petitioner requested, and was granted, a post-dispositional improvement period. During this improvement period, petitioner completed

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

the Batterer's Intervention Prevention Program ("BIPP") but continued to display controlling behaviors toward his now-wife in the presence of service providers and I.M.

In November of 2015, the circuit court held a final review hearing regarding petitioner's post-dispositional improvement period. At the hearing, petitioner moved the circuit court for an extension of his improvement period. The circuit court denied petitioner's motion based on the Court Appointed Special Advocate ("CASA") reports, and scheduled a final dispositional hearing. The circuit court found that, according to several CASA reports, petitioner's unsupervised visits with I.M. were changed to supervised visits due to his conduct, he continued to display outbursts of anger and controlling behaviors, he minimized his role in the domestic violence, and stopped participating in services.

In January of 2016, the circuit court held a dispositional hearing. In the hearing, the circuit court heard evidence from petitioner's wife, who testified that she filed for a divorce because petitioner still exhibited signs of domestic violence. Petitioner's wife's testimony was corroborated by the parenting/visitation provider, Deb Murphy, who testified that petitioner displayed controlling behaviors and outbursts of anger in her presence. According to a CASA report dated January 12, 2016, petitioner harassed his wife because of her decision to divorce him, blamed the DHHR for the divorce, and continued to minimize his domestic violence actions and behaviors. The report also indicated that petitioner yelled at his wife and spit in her face during a visit with I.M. and blamed alcohol and his wife for his violent outbursts. Based on the evidence presented, the circuit court found that, although he technically completed services, petitioner failed to change the behaviors that brought about the filing of the petition, in spite of his fourteen months of services. The circuit court also found no reasonable likelihood that petitioner could substantially correct the issues of domestic violence and terminated his parental rights to I.M. by order dated January 21, 2016. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the circuit court's denial of petitioner's motion for an extension of his post-

dispositional improvement period or in finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect.

Petitioner's first assignment of error is that the circuit court erred in not extending his post-dispositional improvement period when his request was supported by the DHHR and the guardian. Petitioner contends that he was fully cooperating with all services and completed the BIPP, and as such, was entitled to additional time to show improvement. However, petitioner's assertion is belied by the record. Despite the DHHR's position in support of an extension at the review hearing in November of 2015, by the time of the ultimate dispositional hearing, both the DHHR and the guardian recommended the termination of petitioner's parental rights. Further, West Virginia Code § 49-4-610(6) provides that a circuit court may extend an improvement period "for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period." The circuit court denied petitioner's motion for an extension of his post-dispositional improvement period based upon his failure to correct his domestic violence behaviors, despite more than a year of services. The circuit court noted that petitioner's controlling behavior and angry outbursts continued to occur in the presence of at least one service provider. Finally, the circuit court found that, due to petitioner's lack of progress in addressing his domestic violence behaviors, an additional three months of services would yield no benefit. Therefore, we find no error.

Petitioner also argues that the circuit court erred in terminating his parental rights to I.M. Pursuant to West Virginia Code § 49-4-604(c)(3), a respondent parent's failure to respond or to follow through with a reasonable family case plan or other rehabilitative efforts constitutes circumstances in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. Further, West Virginia Code § 49-4-604(b)(6) expressly provides for termination "upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." The record clearly demonstrates that petitioner failed to substantially correct the conditions that led to the abuse and neglect, despite the circuit court granting him both a post-adjudicatory improvement period and a post-dispositional improvement period. According to the record, petitioner continued to harass his wife, minimize his domestic violence behaviors, and blame alcohol and his wife for his violent outbursts. Although petitioner argues that he took steps towards improvement, the evidence shows that he stopped participating in services. As such, petitioner failed to respond or follow through with the rehabilitative services.

Further, we have held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

3

*Id* at 91, 717 S.E.2d at 875, Syl. Pt. 4. The circuit court found that termination of petitioner's parental rights was necessary for the child's welfare, and there is nothing in the record to contradict this finding. Therefore, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future or in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the circuit court's January 21, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II